UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| P.T., <br><br> Petitioner(s), <br><br> v. <br><br> LAURA HERMOSILLO, et al., <br><br> Respondent(s). | CASE NO. C25-2249-BAT-KKE <br><br> ORDER GRANTING PETITIONER'S MOTION TO PROCEED PSEUDONYMOUSLY |

Petitioner filed a habeas petition on November 11, 2025 (Dkt. No. 1), and concurrently filed a motion for an expedited briefing schedule (Dkt. No. 2), a motion for a temporary restraining order (Dkt. No. 3), and this motion to proceed pseudonymously. Dkt. No. 4. Petitioner is an asylum seeker from India who fears government persecution in India, and he filed a habeas petition alleging that his recent re-detention violates his due process rights. *Id*. at 1. Petitioner argues that he "should not be required to expose himself to retaliation or further harm in order to vindicate his legal rights." *Id*. at 2.

Federal Rule of Civil Procedure 10(a) requires that a "complaint must name all the parties[.]" Therefore, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). The Ninth Circuit permits parties "to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058,

ORDER GRANTING PETITIONER'S MOTION TO PROCEED PSEUDONYMOUSLY - 1

1067–68 (9th Cir. 2000) (citation modified). Accordingly, the Ninth Circuit directs district courts to apply a "balancing test" in exercising their discretion to determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. The Ninth Circuit provides the following factors to evaluate the need for anonymity: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." *Id*. at 1067–68 (citation modified). Courts must also consider "whether proceedings may be structured so as to mitigate [the] prejudice [at each stage of the proceedings to the opposing party]" and "decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id*. at 1068.

Here, all factors weigh in favor of granting Petitioner's motion. Petitioner's motion describes his reasonable fears of severe harm due to his status as an asylum seeker, and states that his status makes him particularly vulnerable to such harm. Dkt. No. 4 at 4–5. Petitioner has also offered that his counsel will promptly notify Respondents' counsel of Petitioner's true identity and alien registration number as soon as they appear in this case, which mitigates prejudice to Respondents. *Id*. at 5. And lastly, the public interest favors allowing Petitioner to safely pursue this action to enforce his constitutional rights.

As such, the Court GRANTS Petitioner's motion to proceed pseudonymously, at this stage of the proceedings. Dkt. No. 4. The Court resolves this motion without prejudice to Respondents opposing Petitioner's motion later in the proceedings, once they have appeared.

Dated this 12th day of November, 2025.

Kymberly K. Evanson
United States District Judge